NO. 07-10-00274-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 8, 2011

UNIFUND CCR PARTNERS, APPELLANT

v.

GUS MORELAND, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY;

NO. 2010-078591-2; HONORABLE SIDNEY C. FARRAR, JR., JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Unifund CCR Partners appeals the trial court's order sustaining the plea to the jurisdiction of appellee Gus T. Moreland and dismissing the case. We will reverse and remand the case to the trial court for further proceedings.

Background

Unifund sued Moreland. In its live petition Unifund alleged: "In the usual course of business, CITIBANK SOUTH DAKOTA NA, advanced funds to [Moreland] pursuant to credit card #5491130088816632. [Unifund] is the assignee of this credit card

agreement." On March 5, 2010, Moreland filed a plea to the jurisdiction alleging "[w]ithout some admissible evidence of the assignment, [Unifund] lacks standing to bring its claims." Moreland filed no evidence supporting his plea.

The clerk's record contains Unifund's response, with attached evidence, to Moreland's plea. The response, under a cover letter from Unifund's attorney dated May 12, was received by the county clerk on May 14, 2010. On the same day, the trial court signed an order dismissing the case for want of jurisdiction. In part, the order states "[a]fter hearing arguments of counsel and reviewing the documents filed in this cause, the Court finds that [Moreland's] Plea should be GRANTED." Unifund did not file a motion for new trial but timely perfected this appeal.

Analysis

Today, on virtually identical facts and arguments,[1] we decided *Unifund CCR Partners v. Watson,* No. 07-10-0273-CR (Tex.App.--Amarillo, Apr. 8, 2011). Based on the reasoning and conclusions expressed by our opinion in *Watson,* we hold in the present case Unifund sufficiently plead its standing by alleging it was the assignee of Moreland's credit card account. When, by plea to the jurisdiction Moreland challenged the facts supporting Unifund's allegation, Moreland was obligated to present evidence conclusively negating the challenged allegation. *See Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004) (the standard generally mirrors that of a traditional motion for summary judgment); Tex. R. Civ. P. 166a(c). But Moreland

---

[1] Watson and Moreland are represented by the same attorney. Unifund, likewise, appears in both cases by the same attorney. The briefs filed in the two cases are essentially mirror images.

offered no evidence and therefore did not discharge his evidentiary burden. Thus it was unnecessary for Unifund to present a response with evidence sufficient to establish the existence of an issue of fact on its claimed status as assignee of Moreland's account. As we further concluded in *Watson,* we also conclude here Unifund's claim of error was sufficiently preserved for appellate review and it was unnecessary for Unifund to bring forward a court reporter's record of the plea to the jurisdiction hearing conducted by the trial court.

We sustain Unifund's issue and remand the case to the trial court for proceedings consistent with this opinion.

James T. Campbell
Justice

3